

_____
**Hon. Michael S. McManus**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| In re | ) | Case No. 09-52063 |
| | ) | |
| LISA and STEVEN MARQUEZ, | ) | Chapter 13 |
| | ) | |
|     Debtor. | ) | Date: November 13, 2009 |
| | ) | Time: 1:30 p.m. |
| | ) | |
| _____ | ) | |

**MEMORANDUM**

Movant The Bank of New York, etc., seeks relief from the automatic stay with respect to real property located in Reno, Nevada.

Neither the debtor nor the trustee have filed written opposition within 15 days after service of the motion as required by Local Bankruptcy Rule 9014(d)(1).  This is considered as consent to the granting of the motion.  <u>Cf.</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995).  Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary.  <u>See</u> <u>Boone v. Burk (In re Eliapo)</u>,

468 F.3d 592 (9th Cir. 2006).  Therefore, the defaults of the above-mentioned parties in interest are entered and the matter will be resolved without oral argument.

The motion will be granted pursuant to 11 U.S.C. § 362(d)(1) to permit the movant to conduct a nonjudicial foreclosure sale and to obtain possession of the subject property following sale.

The movant holds a claim secured by a deed of trust that encumbers the debtor's real property.  The plan provides for the payment of this claim directly by debtor.  However, despite the passage of approximately five months, the plan is not confirmed and the direct payments to the movant are three months in arrears.

Given the inability to confirm a plan despite sufficient time to do so, the lack of payments to the movant, and the debtor's minimal equity in the property, the court concludes that there is cause for relief from the automatic stay.

The loan documentation contains an attorney's fee provision and the movant is an over-secured creditor.  The motion demands payment of fees and costs.  The court concludes that a similarly situated creditor would have filed this motion.  Under these circumstances, the movant is entitled to recover reasonable fees and costs incurred in connection with prosecuting this motion.  See 11 U.S.C. § 506(b).  See also Kord Enterprises II v. California Commerce Bank (In re Kord Enterprises II), 139 F.3d 684, 689 (9th Cir. 1998).

Therefore, the movant shall file and serve a separate motion seeking an award of fees and costs.  The motion for fees and costs must be filed and served no later than 14 days after the

conclusion of the hearing on the underlying motion.  If not filed and served within this deadline, or if the movant does not intend to seek fees and costs, the court denies all fees and costs.  The order granting the underlying motion shall provide that fees and costs are denied.  If denied, the movant and its agents are barred in all events and circumstances, in connection with this bankruptcy case or otherwise, from recovering any fees and costs incurred in connection with the prosecution of the motion.

If a motion for fees and costs is filed, it shall be set for hearing pursuant to Local Bankruptcy Rule 9014-1(f)(1) or (f)(2).  It shall be served on the debtor, the debtor's attorney, the trustee, and the United States Trustee.  Any motion shall be supported by a declaration explaining the work performed in connection with the motion, the name of the person performing the services and a brief description of that person's relevant professional background, the amount of time billed for the work, the rate charged, and the costs incurred.  If fees or costs are being shared, split, or otherwise paid to any person who is not a member, partner, or regular associate of counsel of record for the movant, the declaration shall identify those person(s) and disclose the terms of the arrangement with them.

Alternatively, if the debtor will stipulate to an award of fees and costs not to exceed $750, the court will award such amount.  The stipulation of the debtor may be indicated by the debtor's signature, or the debtor's attorney's signature, on the order granting the motion and providing for an award of $750.

The 10-day stay of Fed. R. Bankr. P. 4001(a)(3) will not be waived.

Counsel for the movant shall lodge a conforming order.